**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| BLACK & VEATCH CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12-2350-SAC |
| | ) |
| ASPEN INSURANCE (UK) LTD, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Defendant Associated Electric & Gas Insurance Service's ("AEGIS") Motion to Compel Sufficient Interrogatory Responses from Plaintiff Black & Veatch ("B&V") (ECF No. 159). For the following reasons, AEGIS' motion is hereby denied.

**I.    Relevant Background**

This is a breach of contract and declaratory judgment action brought by B&V against various insurance providers, including AEGIS, for claims arising out of defects found in several wet flue gas desulfurization systems, also known as jet bubble reactors, constructed by B&V and its subcontractors. On July 10, 2013, AEGIS served its first set of interrogatories and first request for production upon B&V.[1] After the Court granted B&V a short extension of time to respond to AEGIS' written discovery requests, B&V served its responses on September 3, 2013.[2] On September 19, 2013, AEGIS sent a letter to B&V asserting that B&V's responses to several interrogatories were improper because they are either nonresponsive, evasive, and/or improperly invoke Fed. R. Civ. P. 33(d).[3] AEGIS concludes this letter by stating if "B&V will not amend

---

[1] Certificate of Service, ECF No. 115.

[2] Certificate of Service, ECF No. 127.

[3] September 19, 2013 Letter from Tracey Jordan to David Beck at 2, ECF No. 160-2.

any responses to AEGIS' interrogatories without a Court Order, please let us know such that we may seek appropriate relief from the Court."[4] On October 8, 2013, B&V responded by letter to AEGIS stating that it complied with Rule 33(d) and asked AEGIS to specify which responses it found inadequate.[5]

Approximately a month and a half later, on November 24, 2013, AEGIS responded by letter to B&V stating "that virtually all of B&V's responses were either nonresponsive, evasive, and/or improperly invoke Fed. R. Civ. P. 33(d)."[6] AEGIS further elaborated on its Rule 33(d) objection and specifically addressed each disputed interrogatory.[7] AEGIS also stated that "it is apparent that B&V will not substantively alter or amend its interrogatory responses absent a Court Order."[8] Without receiving a response from B&V, AEGIS contacted B&V on January 10, 2014, requesting that it respond to the issues raised in its prior November 24, 2013 letter.[9] On January 11, 2014, B&V responded by letter to AEGIS and reasserted that it provided complete narrative responses to the disputed interrogatories and also complied with Rule 33(d).[10] On January 14, 2014, AEGIS stated via email that it disagreed with B&V's position and asked B&V if it had anything else to add.[11] On January 15, 2014, B&V stated via email that it had nothing further to add and that its position was clearly stated, but would make itself available for a

---

[4] *Id.*

[5] October 8, 2013 Letter from David Beck to Tracey Jordan at 2, ECF No. 160-2.

[6] November 24, 2013 Letter from Christopher Snow to David Beck at 2, ECF No. 160-2.

[7] *Id*. at 5-8.

[8] *Id*. at 3.

[9] January 10, 2014 Email from Christopher Snow to David Beck, ECF No. 160-2.

[10] January 11, 2014 Letter from David Beck to Christopher Snow, ECF No. 160-2.

[11] January 14, 2014 Email from Christopher Snow to David Beck, ECF No. 160-2.

telephone call.[12] On January 16, 2014, AEGIS stated via email that its position was also clearly stated and further discussion would not be productive.[13] On February 14, 2014, AEGIS filed the present motion to compel.

AEGIS' motion to compel alleges that B&V failed to sufficiently respond to Interrogatory Nos. 3-17 propounded on B&V on July 10, 2013. AEGIS claims that B&V's answers to these interrogatories are incomplete under Fed. R. Civ. P. 33(b)(3), do not comply with Fed. R. Civ. P. 33(d), and are conclusory, evasive, and insufficient. B&V, however, argues that AEGIS' motion is untimely under D. Kan. Rule 37.1(b) and that its answers are complete and comply with the applicable Federal Rules of Civil Procedure. The Court will first address the timeliness of AEGIS' motion to determine whether its merits should be reached.

**II. Timeliness**

Pursuant to D. Kan. Rule 37.1(b),

> [a]ny motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the court extends the time for filing such motion for good cause. Otherwise, the objection to the default, response, answer, or objection is waived.

This language was also included twice in the Scheduling Order in this case.[14] "The rationale of D. Kan. Rule 37.1(b) is to ensure the court can address discovery disputes while they are still fresh, and in turn expedite litigation."[15] D. Kan. Rule 37.1(b) makes it clear that the triggering

---

[12] January 15, 2014 Email from David Beck to Christopher Snow, ECF No. 160-2.

[13] January 16, 2014 Email from Christopher Snow to David Beck, ECF No. 160-2.

[14] *See* Scheduling Order at 6, 10, ECF No. 57.

[15] *Cont'l Cas. Co. v. Multiservice Corp.*, No. 06-2256-CM, 2008 WL 73345, at *4 (D. Kan. Jan. 7, 2008).

event is the service or default of the discovery response that is the subject of the motion.[16] This District has consistently construed and applied the 30-day period as beginning when specific information *first* leading to a dispute is discovered.[17] The deadline is not 30 days from when the parties conclude their efforts to meet and confer.[18] Further, the deadline is not tolled while the parties are engaged in efforts to resolve the discovery dispute without judicial intervention.[19] Rather, the common practice is for a party to request, prior to expiration, an extension of the deadline to file a motion to compel with respect to any discovery dispute upon which the parties are still conferring.[20] "Any other construction of the rule would allow a virtually indefinite extension of the deadline so long as counsel purported to continue engaging in an effort to secure the information informally from the opposing party."[21]

In this case, B&V served its response on September 3, 2013. Therefore, a motion to compel discovery was due at the latest 30 days thereafter. Instead, AEGIS filed the instant motion to compel on February 14, 2014, which is 164 days after B&V served its response. While not common, courts in this District have on occasion excused an untimely motion to compel because the movant relied upon opposing counsel's false assurances of compliance or when the existence of information or documents is not known until after the deadline.[22] These instances

---

[16] *See Cotton v. Costco Wholesale Corp.*, No. 12-2731-JWL, 2013 WL 3819974, at *1 (D. Kan. July 24, 2013); *Layne Christensen Co. v. Purolite Co.*, No. 09-2381-JWL-GLR, 2011 WL 124538, at *3 (D. Kan. Jan. 14, 2011).

[17] *McCoy v. Miller*, No. 12-3050-JAR, 2013 WL 5966139, at *2 (D. Kan. Nov. 8, 2013) (citing *Firestone v. Hawker Beechcraft Int'l Serv. Co.*, No. 10-1404-JWL, 2012 WL 359877, at *4 (D. Kan. Feb. 2, 2012)).

[18] *Layne Christensen Co.*, 2011 WL 124538, at *3.

[19] *Hock Foods, Inc. v. William Blair & Co.*, No. 09-2588-KHV, 2011 WL 884446, at *3 (D. Kan. Mar. 11, 2011).

[20] *Id.* (citing *Layne Christensen Co.*, 2011 WL 124538, at *3).

[21] *Cont'l Cas. Co.*, 2008 WL 73345, at *4.

[22] *Hock Foods, Inc.*, 2011 WL 884446, at *3 (citing *Hartford Fire Ins. Co. v. P & H Cattle Co.*, No. 05-2001-DJW, 2008 WL 5046345, at *1 (D. Kan. Nov. 24, 2008)); *Layne Christensen Co.*, 2011 WL 124538, at *3 ("Although

are not present here. B&V has maintained that it has fully and completely responded to AEGIS' interrogatories throughout the time the parties conferred. B&V provided no assurances that it would provide amended responses to these disputed interrogatories.[23] In addition, AEGIS does not suggest that it first learned of the existence of information after the deadline to file a motion to compel.

When the time to file a motion to compel has expired, the party bringing the untimely motion must show excusable neglect pursuant to D. Kan. Rule 6.1(a).[24] The factors used to determine excusable neglect include: (1) whether the movant acted in good faith; (2) reason for the delay, including whether it was within the reasonable control of the movant; (3) danger of prejudice to the nonmoving party; and (4) length of the delay and its potential impact on judicial proceedings.[25]

After careful consideration of the relevant factors, the Court finds that AEGIS has not shown excusable neglect. Despite no apparent bad faith on AEGIS' behalf, the reason for the delayed filing of the motion to compel was at all times within AEGIS' control. AEGIS tries to shift the blame to B&V because of its rolling production of documents and failure to respond to AEGIS' correspondence. However, nothing prevented AEGIS from filing this motion within the appropriate timeframe or asking the Court for a short extension. Further, it is unclear why the only correspondence during the 30-day period to file a motion to compel was a single letter sent

---

courts on occasion have excused the untimely filing of a motion to compel under certain circumstance, *those decisions do not indicate a common practice of the Court*.") (emphasis added).

[23] B&V's only assurances to provide amended responses to discovery requests were given to the Liability Insurers, not AEGIS. *See* September 19, 2013 Letter from Tracey Jordan to David Beck at 2, ECF No. 160-2; October 8, 2013 Letter from David Beck to Tracey Jordan at 2, ECF No. 160-2.

[24] *See* D. Kan. Rule 6.1(a) ("Parties must file the motion [for extension of time] before the specified time expires. Absent a showing of excusable neglect, *the court will not grant extensions requested after the specified time expires*.") (emphasis added).

[25] *Hock Foods, Inc.*, 2011 WL 884446, at *4 (citing *Walls v. Int'l Paper Co.*, 192 F.R.D. 294, 295 (D. Kan. 2000)).

from AEGIS to B&V asserting that B&V's responses were inadequate.[26] Mailing a letter to opposing counsel does not satisfy the moving party's obligation to meet and confer.[27] What is further unclear is why there were significant gaps (47 days on two separate occasions) between the parties' correspondence with each other regarding this discovery dispute. The duty to confer generally requires counsel to "converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so."[28] These steps were not timely conducted.

The instant motion was filed significantly after B&V served its responses to AEGIS' interrogatories (i.e. 164 days).[29] For instance, in *McCoy v. Miller*, this Court found that a motion to compel filed 133 days after service of the defendant's objections to plaintiff's discovery requests to be untimely.[30] Discovery disputes should be resolved when they are fresh to expedite litigation. AEGIS had every reason to believe that D. Kan. Rule 37.1(b) would be strictly enforced to promptly resolve this discovery issue. In addition, this case has already been delayed by nearly 10 months due to, in some respects, the lack of cooperation between the parties to resolve discovery disputes without court intervention. These delays have also allowed the parties to conduct discovery for over a year now. The lack of a clear reason for AEGIS' delay in bringing the present motion weighs in favor of not excusing its untimeliness.[31] In fact, nothing

---

[26] *See* September 19, 2013 Letter from Tracey Jordan to David Beck at 2, ECF No. 160-2.

[27] D. Kan. Rule 37.2 ("A 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party.").

[28] *Id*.

[29] *See e.g.*, *Layne Christensen Co.*, 2011 WL 124538, at *3-4 ("Unlike the short delays sought in *Hartford* [*Fire Insurance Co. v. P & H Cattle Co.*] and *Allianz* [*Insurance Co. v. Surface Specialties, Inc.*], the instant motion comes 101 and 75 days respectively beyond the applicable deadlines.").

[30] *McCoy*, 2013 WL 5966139, at *2.

[31] *See Payless Shoesource Worldwide, Inc. v. Target Corp.*, No. 05-4023-JAR, 2007 WL 1959194, at *5 (D. Kan. June 29, 2007) ("Here, the court finds that while the length of delay was not great and defendants did not act in bad

prevented AEGIS from filing a motion for extension of time *before* the deadline to file a motion to compel expired, an exercise utilized by the parties on several occasions in this matter.

After weighing the factors for excusable neglect, the Court finds AEGIS' motion to be untimely.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant Associated Electric & Gas Insurance Service's Motion to Compel Sufficient Interrogatory Responses from Plaintiff Black & Veatch (ECF No. 159) is hereby denied.

**IT IS SO ORDERED.**

Dated this 2nd day of April, 2014, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

faith, the danger of prejudice and reason for delay weigh in favor of not excusing the untimeliness of defendants' motion.").