IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BLACK & VEATCH CORPORATION, ) | |
| ) | |
| Plaintiff, ) | Case No. 12-cv-2350 SAC/KGS |
| ) | |
| v. ) | Hon. Sam A. Crow |
| ) | |
| ASPEN INSURANCE (UK) LTD., *et al.* ) | Hon. K. Gary Sebelius |
| ) | |
| Defendants. ) | |

### DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF PETITION FOR WRIT OF CERTIORARI

NOW COME Defendants/Counter-Plaintiffs, ASPEN INSURANCE (UK) LTD. ("Aspen") and LLOYD'S SYNDICATE 2003, incorrectly sued as CATLIN LLOYD'S SYNDICATE 2003 ("Catlin"), (collectively referred to as "Defendants" or "Excess Insurers"), and move for a stay of these proceedings until resolution of a petition for writ of *certiorari* which they intend to file with the United States Supreme Court. In support of their motion, Excess Insurers state as follows:

1. On February 13, 2018, the Circuit Court of Appeals for the Tenth Circuit entered an opinion reversing the judgment of this Court in favor of Excess Insurers, with one Circuit Judge (Judge Briscoe) dissenting.

2. This Court's decision was made based on cross motions for summary judgment following the completion of written, oral and expert discovery.

3. This Court's decision on summary judgment did not need to reach all of the issues raised by the parties in their cross motions for summary judgment. Those issues not disposed of by the Tenth Circuit remain open on remand.

1

4. Excess Insurers timely filed a petition for panel rehearing and rehearing *en banc* in the Tenth Circuit.

5. On March 9, 2018, the Tenth Circuit denied Excess Insurers' petition for panel rehearing and rehearing *en banc*, with one judge dissenting.

6. Excess Insurers' petition for writ of *certiorari* to the United States Supreme Court is therefore now due on June 7, 2018.

7. Excess Insurers moved in the Tenth Circuit to stay issuance of the mandate, until the final disposition of any petition for writ of *certiorari* by the United States Supreme Court, as provided in FED. R. APP. PROC. 41(d)(2)(B) and (D).

8. On March 19, 2018, with one judge dissenting, the Tenth Circuit denied Excess Insurers' motion to stay the issuance of the mandate, and therefore the mandate to this Court issued on the same day.

9. Excess Insurers believe that as a question of judicial efficiency, this matter should be stayed upon remand pending the disposition of the writ of *certiorari*.

10. The court noted in *Universal Premium Acceptance Corp. v. Oxford Bank & Trust*, No. 02–2448–KHV, 2002 WL 31898217, at *1 (D. Kan., Dec. 10, 2002) (Vratil, J.) that:

> As part of the inherent power to control its docket, a district court has discretion to stay proceedings pending before it. *Pet Milk Co. v. Ritter,* 323 F.2d 586, 588 (10th Cir. 1963). It may exercise the power to stay to provide economy of time and effort for itself and for counsel and litigants appearing before the court. *Landis v. N. Am. Co.,* 299 U.S. 248, 255 (1936).

11. Excess Insurers view their potential petition for a writ of *certiorari* as meritorious. They believe that this Court's prediction of New York state insurance coverage law under *Erie R.R. Co. v. Tompkins,* 304 U.S. 64 (1938) is far more consistent with U.S. Supreme Court precedent that the Tenth Circuit's decision was. *See, e.g., West v. American Tel. & Tel. Co.*, 311

U.S. 223, 237, 61 S. Ct. 179, 183, 85 L.Ed. 139 (1940) ("Where an intermediate appellate state court rests its considered judgment upon the rule of law which it announces, that is a datum for ascertaining state law which is *not to be disregarded by a federal court* unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.") (emphasis added).  The dissenting judge obviously agreed with this point.

12. This dispute has been pending between Plaintiff and Excess Insurers for a significant time, both in this Court and prior thereto.  The burden on Plaintiff of staying further proceedings in this Court for a period of months to permit Excess Insurers to seek further review in the United States Supreme Court is minimal.  If that Court granted the petition and determined that this Court's *Erie* prediction of New York state law is more consistent with the appropriate constitutional standards, then this matter would once again be concluded.

13. It is not unusual for this District Court to stay proceedings to allow a disposition of a petition for a writ of *certiorari. See, e.g., Smith v. Gallegos,* No. 06–3061–JTM–DWB. 2009 WL 5217360 (D. Kan., Dec. 30, 2009) (Bostwick, J.) (requiring answer to complaint within 20 days after any order denying *certiorari*).  This model – delaying responsive proceedings until the disposition of the petition – is appropriate here.

14. One fact courts in this District consider in determining whether to grant a stay pending disposition of a petition for a writ of *certiorari* is whether there was a dissent in the Circuit Court.  In denying a request to stay discovery pending a disposition of a petition for a writ of *certiorari,* the court in *Lowery v. County of Riley*, No. 04–3101–JTM–DWB, 2008 WL 3562061, at *2 (D. Kan., Aug. 12, 2008) (Bostwick, J.) stated: "[t]he Court might agree had there been a dissenting opinion in the Tenth Circuit appeal or some indication that the decision by the

Tenth Circuit was in conflict with those of other circuits or was a case of first impression. None of these circumstances are present in this case." Here, there was a dissent.

15. Excess Insurers are not asking for a stay of a money judgment, or a stay of any discovery. There is no need for further discovery proceedings on any of the remaining issues raised by the parties in connection with their earlier summary judgment briefings. Rather, the further proceedings which will be needed in this Court will be re-briefing of summary judgment, with the parties simply removing from contention those issues which have now been resolved by the Tenth Circuit.

16. Considerations of judicial economy support the stay. The parties have completed all discovery and staying these proceedings will not in any way delay the ultimate resolution of this matter. The parties should, and likely will, work on their revised cross-motions for summary judgment on the remaining coverage issues during the period of time in which Excess Underwriters' petition for writ of *certiorari* pends with the U.S. Supreme Court. They will be free to file those motions if the petition is denied. A decision on the petition is likely to occur within six months or so.

17. Excess Insurers believe that judicial efficiency will be served by setting forth a scheduling order which requires both sides to submit their cross motions for summary judgment on questions of coverage under Excess Insurers' policies (as opposed to questions of the quantum of damages claimed) within a specified period of time, *e.g.,* 60 days, after the disposition of Excess Insurers' petition for a writ of *certiorari*.

WHEREFORE, Defendants ASPEN INSURANCE (UK) LTD., and LLOYD'S SYNDICATE 2003, respectfully request this Honorable Court to stay these proceedings to allow them to file a petition for writ of *certiorari* to the United States Supreme Court, and for such

period of time thereafter until the final disposition of that petition. Additionally, Defendants ask this Court to set a deadline for parties to file cross-motions on summary judgment on the coverage issues within a time certain after the United States Supreme Court's disposition of their petition for a writ of *certiorari*.

Respectfully submitted,

**ASPEN INSURANCE (UK) LTD. and LLOYD'S SYNDICATE 2003**

Dated: March 20, 2018    By: */s/ Michael J. Kuckelman*
                             One of Their Attorneys

Michael J. Kuckelman
Michael T. Crabb
Kuckelman Torline Kirkland
10740 Nall Avenue, Suite 250
Overland Park, Kansas 66211
(913) 948-8610
mkuckelman@ktk-law.com
mcrabb@ktk-law.com

Robert J. Franco
Andrew C. Patton
Scott O. Reed
Franco & Moroney LLC
500 West Madison Street, Suite 2440
Chicago, IL 60661
(312) 466-7240
robert.franco@francomoroney.com
andrew.patton@francomoroney.com
scott.reed@francomoroney.com

## CERTIFICATE OF SERVICE

This is to certify that I have on the 20th day of March 2018, filed the foregoing **Motion to Stay Proceedings** with the Clerk of the Court using the CM/ECF system, which will send email notification of such to the following attorneys of record:

**ATTORNEYS FOR PLAINTIFF BLACK & VEATCH**
Roy Bash
Chris Sobba
Catherine R. Bell
POLISNELLI SHUGHART PC
900 W. 48th Place
Suite 900
Kansas City, MO 64112
Phone: (816) 421-3355
Fax: (816) 374-0509
rbash@polsinelli.com
csobba@polsinelli.com
cbell@polsinelli.com

David T. Dekker (*pro hac vice*)
David L. Beck (*pro hac vice*)
PILLSBURY WINTHROP SHAW PITTMAN LLP
1200 Seventeenth Street, N.W.
Washington, D.C. 20036-3006
Phone (202) 663-8000
Fax: (202) 663-8007
david.dekker@pillsburylaw.com
david.beck@pillsburylaw.com

                                    By:   */s/ Michael J. Kuckelman*
                                             Attorney for Aspen Insurance (UK) Ltd. and
                                             Lloyd's Syndicate 2003

Michael J. Kuckelman
Michael T. Crabb
Kuckelman Torline Kirkland
10740 Nall Avenue, Suite 250
Overland Park, Kansas 66211
(913) 948-8610
mkuckelman@ktk-law.com
mcrabb@ktk-law.com