IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BLACK & VEATCH CORPORATION,

    Plaintiff,

v.                                                No. 12-2350-SAC

ASPEN INSURANCE (UK) LTD., *et al.*,

    Defendants.

MEMORANDUM AND ORDER

On February 13, 2018, the Tenth Circuit, with one judge on the panel dissenting, vacated this court's summary judgment order and remanded "for reconsideration in light of this opinion." ECF# 329, p. 38. The panel on March 19, 2018, after petitions for rehearing and a motion to stay were denied, filed its mandate vacating and remanding "for further proceedings in accordance with the opinion." ECF# 329. With the case now returned to this court's jurisdiction to proceed consistent with the Tenth Circuit's decision and to address all remaining issues concerning coverage and possibly damages, the defendants, Aspen Insurance (UK) Ltd. and Lloyd's Syndicate 2003 (collectively "defendants" or "Excess Insurers"), move to stay the proceedings here "pending resolution of petition for writ of certiorari." ECF# 330. The plaintiff Black & Veatch Corporation ("B&V") opposes this motion arguing the district court lacks jurisdiction and, alternatively, the circumstances do not justify a stay. ECF# 333.

1

The Excess Insurers ask the district court to exercise its inherent power of controlling its docket and to stay the proceedings here on remand pending disposition of the writ of certiorari. Movants distinguish their motion as not asking for a stay of execution or enforcement of a money judgment or for a stay of discovery, but as asking only to stay or delay additional dispositive motion briefing on the issues and arguments remaining for decision particularly considering the impact the Tenth Circuit's opinion has on those remaining matters. *Id.* at ¶ 15. Movants expect to work on their revised motions during the pendency of the petition. Consequently, they request the court to establish a scheduling order for both sides to submit their cross motions for summary judgment on the remaining questions of coverage within a given time, possibly 60 days, after disposition of the petition. *Id.* ¶ 17.

The plaintiff B&V correctly puts forward that a district court may not stay the execution or enforcement of an appellate court judgment, because 28 U.S.C. § 2101(f), as uniformly interpreted and applied, provides that, "only the court of appeals or a justice of the Supreme Court can stay the execution or enforcement of the court of appeals' judgment." *See Brinkman v. Department of Corrections of State of Kan.*, 857 F. Supp. 775, 777 (D. Kan. 1994) (and cases cited therein); *see also Vogt v. City of Hays, Kansas*, 2017 WL 1250826 (D. Kan. Apr. 5, 2017), and *United States v. Wittig*, 2008 WL 5119986 (D. Kan. Nov. 25, 2008). B&V argues alternatively

that even if the district court had the authority to stay that it should defer to the Tenth Circuit's assessment of "certworthiness" in having already denied the Excess Insurers' motion to stay the mandate. ECF# 333, p. 6. There is not much, however, to commend such deference, other than assuming the panels' perspective and experience, as the two-to-one decision says only, "Upon careful consideration, the Motion [to Stay the Mandate] is DENIED. . . . The Honorable Mary Beck Briscoe voted to grant the Motion." B&V further argues that the length, thorough analysis and "mundane *Erie*-prediction" in the Tenth Circuit's decision makes the granting of certiorari unlikely.

In reply, the Excess Insurers contend the Tenth Circuit's decision did not establish any "finality" which it is trying to stay, such as the enforcement or execution upon a money judgment or other final judgment. They argue their motion addresses the "practicality" of achieving "finality" on this critical question of how federal courts should predict the ruling of the state's highest court when there is an established body of lower court jurisprudence. By their assessment, this presents at the very least "a colorable basis" for granting certiorari. As for the balance of interests involved with any stay or delay in the briefing schedule, the defendants observe:

> Both sides will need time to re-tool their cross-motions for summary judgment on the coverage issues to address the Tenth Circuit's ruling if no review is granted. It is unlikely the parties would be able to do so in less than two months. Thus, the true effect of the stay pending resolution of certification would only be a matter of four months [six months anticipated for certiorari process]. When weighing the

3

significant potential advantage of not having to proceed on this case pending *certiorari* review, the potential delay of this case would be minimal.

ECF# 334, p. 2.

The court agrees the parties' cross-motions for summary judgment need to be "re-tooled" to address the Tenth Circuit's ruling. Any such new filings should comply with the court's local rules and particularly with the rules discussed in the court's prior summary judgment order. Moreover, the parties should consider the court's familiarity with the case in addressing the background and detail necessary for deciding the remaining issues.

With that said, the court concludes that the Excess Insurers are not asking this court to exercise authority it does not have. The motion is not requesting this court to stay the enforcement or execution of any judgment by the Tenth Circuit. The case was remanded for proceedings in accordance with the court's opinion. Entering a scheduling order for the submission of new cross-motions for summary judgment that accounts for their filing and the pendency of a petition for writ of certiorari does not contravene the Tenth Circuit's mandate or 28 U.S.C. § 2101(f). *See Harte v. Board of Commissioners of Johnson County, KS*, 2017 WL 4697506, at *3 (D. Kan. Oct. 19, 2017) ("Regardless of whether § 2101(f) or the mandate rule precludes the court from granting a stay pending defendants' certiorari petition, the court agrees with the defendants that the court, without

deviating from the Circuit's mandate, has the inherent authority to manage its trial docket and to schedule the trial of this case at its discretion—even if that trial setting occurred after resolution of the defendants' anticipated certiorari petition."); *Crimson Yachts v. M/Y Betty Lyn II*, 2010 WL 2683341, at *1 (S.D. Ala. July 1, 2010) (recognizing a distinction between a stay of the circuit's ruling and a stay of subsequent trial court proceedings with the later "theoretically available under some fount of authority."). Thus, the court will entertain the defendants' motion and consider the certiorari process in scheduling the filing dates of the parties' renewed and retooled summary judgment motions in response to the Tenth Circuit's decision.

While the Tenth Circuit panel was split on denying the requested stay of its mandate, the court certainly must assume the majority did negatively assess the likelihood of certiorari here. Judicial economy does favor delaying the summary judgment briefing for the certiorari proceedings. The prejudice from this additional delay is not arguably significant based on the case's advanced age, its obvious complexity, and its discovery being complete. At the same time, the court recognizes its charge "to secure the just, speedy and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. For all these reasons, the court sets the following deadlines for the parties to file their renewed and retooled cross motions for summary judgment. The motions are due on August 3, 2018, the responses are due on September 3, 2018, and replies are due on September 24, 2018. Should

a party believe administration of this case would be enhanced by amendment of the pretrial order based on the Tenth Circuit's ruling, any motions to amend should follow the same briefing schedule above.

IT IS THEREFORE ORDERED that the defendants' motion to stay the proceedings (ECF# 330) is granted insofar as the court has considered the pendency of the certiorari proceedings in setting the following deadlines for the renewed and retooled cross motions for summary judgment and any motions to amend the pretrial order, both of which are being filed in response to the Tenth Circuit's decision:  motions are due on August 3, 2018, the responses are due on September 3, 2018, and replies are due on September 24, 2018.

Dated this 1st day of May, 2018, Topeka, Kansas.

s/ Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge