# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BLACK & VEATCH CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ASPEN INSURANCE (UK) LTD., et al., ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION <br><br> No. 12-2350-KHV |

## MEMORANDUM AND ORDER

This matter is before the Court on the parties' memoranda which the Court requested after two hearings that addressed Black & Veatch Corporation's Partial Motion To Exclude Testimony Of Stephen P. Warhoe (Doc. #394) filed July 22, 2019. At a hearing on September 23, 2019, the Court ordered the parties to file memoranda on the limited issue whether Black & Veatch ("B&V") is bound by certain statements that its witnesses made with regard to damages to Fiberglass Reinforced Plastic ("FRP"). Specifically, the Court directed the parties to address whether certain witnesses made binding admissions that B&V "would not be claiming any damages for defective FRP and all FRP was defective." Transcript Of Motion Hearing [On September 23, 2019] (Doc. #424) filed September 25, 2019, at 30; see also Transcript Of Motion Hearing [On September 3, 2019] (Doc. #423) at 56-57 (substantive issue whether B&V bound by deposition testimony "to the effect that all FRP was defective and should be excluded"); id. at 61 (Warhoe supplemental report likely fails unless individuals from B&V made "binding admissions that all of the FRP was defective").

Except for two fleeting references in footnotes, defendants' initial memorandum is completely silent on the issues that the Court asked the parties to address. See Defendants'

Memorandum On Defective FRP (Doc. #425) filed September 26, 2019. Defendants' reply is somewhat more relevant to the issues which the Court asked the parties to brief. See Defendants' Reply In Support Of Its Supplemental Briefing On Defective FRP (Doc. #428) filed October 4, 2019. Because defendants' arguments did not appear until their reply, however, B&V has not had an opportunity to respond to them. In effect, defendants' original brief is an unauthorized surreply in opposition to Black & Veatch Corporation's Partial Motion To Exclude Testimony Of Stephen P. Warhoe (Doc. #394). Accordingly, the Court disregards that brief in its entirety. Furthermore, the Court will not consider arguments and authorities which defendants first raise in their reply brief. Defendants' Reply In Support Of Its Supplemental Briefing On Defective FRP (Doc. #428); see Mondaine v. Am. Drug Stores, Inc., 408 F. Supp. 2d 1169, 1202-03 (D. Kan. 2006); see also Mike v. Dymon, Inc., No. 95-2405-EEO, 1996 WL 427761, at *2 (D. Kan. July 25, 1996) (in fairness and to ensure proper notice, court generally summarily denies or excludes all arguments and issues first raised in reply briefs).

In short, for purposes of evaluating Black & Veatch Corporation's Partial Motion To Exclude Testimony Of Stephen P. Warhoe (Doc. #394), the Court will disregard any arguments that agents and employees of Black & Veatch made admissions (in pleadings, discovery responses, deposition testimony or otherwise) which preclude it from seeking damages for FRP.[1]

**IT IS SO ORDERED**.

---

[1] Instead of addressing the limited issues on which the Court ordered briefing, defendants focus on so-called "evidentiary" admissions that allegedly support the opinions of Stephen Warhoe. The Court is not familiar with "evidentiary" admissions – especially evidentiary "admissions" which are not binding but (as defendants argue) go to "weight not admissibility."

Dated this 7th day of October, 2019 at Kansas City, Kansas.

                                                                                         s/ Kathryn H. Vratil
                                                                                         KATHRYN H. VRATIL
                                                                                         United States District Judge