# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BLACK & VEATCH CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 12-2350-KHV |
| ASPEN INSURANCE (UK) LTD., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion For Leave To File The MTI Judgment Order Under Seal (Doc. #426) filed September 26, 2019. For reasons stated below, the Court overrules defendants' motion.

Federal courts have long recognized a common-law right of access to judicial records. Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution. Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). The public interest in judicial proceedings is intended to ensure that courts are fair and judges are honest. Id. In determining whether documents should be sealed, the Court weighs the public interest, which it presumes is paramount, against the interests advanced by the parties. Id. The party seeking to overcome the presumption of public access must show that some significant interest which favors non-disclosure outweighs the public interest in access to court proceedings and documents. See Mann, 477 F.3d at 1149. The parties must articulate a real and substantial interest that justifies depriving the public of access to records that inform the Court's decision-making process. Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011); see Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (good cause for protective order requires particular

and specific facts, not merely "stereotyped and conclusory statements") (quotation marks and citations omitted).

Defendants seek to file under seal the Judgment Order entered in Black & Veatch Corp. v. Midwest Towers, Inc., No. 4:10-cv-00318-SOW in the United States District Court for the Western District of Missouri. Defendants state that because the judgment order was filed under seal in the prior action, it likewise should be filed under seal in this case. Defendants do not address how their interests in non-disclosure of the information outweigh the public interest in open courts. Accordingly, on the present record, the Court overrules defendants' motion to seal. See Helm, 656 F.3d at 1292 (parties cannot overcome presumption against sealing records simply by showing that records subject to protective order in district court); Colony Ins. Co. v. Burke, 698 F.3d 1222, 1242 (10th Cir. 2012) (denying motions to seal where parties did not submit specific argument or facts indicating why confidentiality of settlement agreements outweighs presumption of public access).

**IT IS THEREFORE ORDERED** that Defendants' Motion For Leave To File The MTI Judgment Order Under Seal (Doc. #426) filed September 26, 2019 is **OVERRULED**.

Dated this 8th day of October, 2019 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge